**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Christopher Columbus LEWIS,**
**Defendant/Movant.**

**Nos. 91–40037–01–DES, 96–3012–DES.**

United States District Court,
D. Kansas.

April 1, 1996.

**1520**

Christopher Columbus Lewis, Terminal Island, CA, pro se.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for the U.S.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

The defendant, Christopher Columbus Lewis, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 149). Lewis contends that, under the recent United States Supreme Court decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his convictions and sentences on counts four and five under 18 U.S.C. § 924(c) are in violation of the Constitution and laws of the United States and should be vacated.

In a Memorandum and Order on March 15, 1996, 922 F.Supp. 1514, this court ordered the government to show cause as to why Lewis's motion to have his convictions vacated on counts four and five should not be granted. (Doc. 158). The government timely filed a response and this order follows.

### I. BACKGROUND

The facts of the case and the standards enunciated by the Supreme Court in *Bailey* were previously discussed in this court's order on March 15, 1996. (Doc. 158) However, for the sake of thoroughness the court sets forth those facts and standards in this order.

On July 20, 1992, Lewis was a passenger in a car driven by Donald K. Davis ("Davis") in Ellsworth County, Kansas, that was stopped by a state trooper for speeding 73 miles per hour in a posted 65 miles per hour speed zone on I–70. While approaching the driver's side of the vehicle, the trooper noticed Lewis reaching for something in the open glove box. As Lewis saw the trooper approach, Lewis quickly removed his hand from the glove box and closed it.

As the trooper asked Lewis and Davis about their destination, the trooper smelled alcohol from inside the car. The trooper asked Lewis if he had been drinking and Lewis told the trooper that he had had a beer. Lewis then handed the trooper an open beer can that had been laying on the back floorboard of the car. Lewis was asked to exit the car so that the trooper could search for additional open containers in the car. The trooper asked both Davis and Lewis if there were any weapons in the car. Davis told the trooper that there was a gun in the glove box. Upon opening the glove box, the trooper found a loaded .25 caliber pistol. The trooper ran a check on the gun to determine if it was stolen and then returned it to the car. Throughout this interaction with the trooper, both Davis and Lewis appeared very nervous.

After issuing a written warning for speeding to Davis, the trooper asked Davis and received consent to search the trunk area of the car. Davis opened the trunk of the car and the trooper found a brown paper sack underneath the carpeting of the right rear wheel well. Inside the sack was a tightly wrapped block which the trooper recognized as being typical of packaging for illegal drugs. Both Davis and Lewis were immediately placed under arrest. The trooper then cut the wrapped block open and a white powder substance—later tested positive as cocaine—was inside.

The car was towed to the sheriff's security garage and the next day an inventory search was conducted of the contents of the car. In the trunk of the car was some luggage and a black gym bag which contained a shoe box with ten baggies of crack cocaine inside. Also found in the trunk was a briefcase—

belonging to Lewis—containing a loaded .22 caliber revolver.

## II. DISCUSSION

### A. *Bailey:* Use of a Weapon

On December 6, 1995, the United States Supreme Court issued its decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which it clarified the meaning of use of a firearm under 18 U.S.C. § 924(c)(1). (This court recently addressed the *Bailey* "use of a gun" issue in *United States v. Fletcher*, 919 F.Supp. 384 (D.Kan.1996)).

Prior to *Bailey*, the Tenth Circuit held that to establish use of a gun in relation to a drug trafficking crime, the government must show (1) that the defendant had "ready access" to the firearm, and (2) that the firearm was an "integral part" of the criminal undertaking and increased the likelihood that the undertaking would succeed. *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir.1989).

■ The standard enunciated in *Bailey* narrows the definition of "use" of a firearm. Under *Bailey*, the government must prove "an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey*, —— U.S. at ——, 116 S.Ct. at 505. "Use" connotes "more than mere possession of a firearm by a person who commits a drug offense." *Id.* at ——, 116 S.Ct. at 506. If the offender does not disclose or mention the gun, it is not used; placement for later active use does not in and of itself constitute "use." *Id.* at ——— ———, 116 S.Ct. at 509–10. Active employment includes "reference to a firearm calculated to bring about a change in the circumstances of the predicate offense," as well as brandishing or displaying a gun. *Id.* at ——, 116 S.Ct. at 508. A defendant cannot be charged, however, for merely storing a weapon near drugs or drug proceeds. *Id.*

In *Bailey*, drugs were discovered in the front console of the car and a gun was found in the car trunk. The Supreme Court held that Bailey's possession of the gun in the trunk of his car did not constitute "use" for purposes of a drug trafficking crime under 18 U.S.C. § 924(c)(1). *Id.* at ——, 116 S.Ct. at 509.

In the instant case, Lewis was convicted under 18 U.S.C. § 924(c)(1) due to the gun found in the trunk of the car in which he was a passenger. Lewis was sentenced to five years for that conviction. Lewis also received a five year sentence due to the gun found in the glove compartment of the car. The evidence reflects that Lewis handled papers in the glove compartment as the trooper was approaching the car.

### B. Hypothetical communications are not "use."

■ The government contends that a display of, or reference to, a firearm between co-defendants could satisfy the "use" element of the statute as now defined under *Bailey*. Specifically, if Lewis displayed or made reference to the firearm to his co-defendant, either to entice, encourage, or embolden him to participate in the underlying crime (drug trafficking), the element of use would be satisfied.

While the Supreme Court in *Bailey* held that "a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,'" the Court never specifically stated to whom a "reference" must be addressed. *See Bailey v. U.S.*, —— U.S. at ——, 116 S.Ct. at 508. Presumably the Supreme Court meant that the "reference" would be made by the defendant to the opposite party during the drug transaction.

Regardless, the government bases its opposition to Lewis's motion on hypothetical conversations or communications between Lewis and his co-defendant so as to create a "reference" in satisfaction of the use requirement under the statute. This court is unwilling to attribute conversations or communications to the defendant that are not part of the record and for which there is no direct evidence to substantiate they ever took place. To hold otherwise would be to invent dialogue or physical activity based on pure supposition.

**IT IS THEREFORE BY THE COURT ORDERED** that Lewis's convictions on

counts four and five under 18 U.S.C. § 924(c)(1) are hereby vacated and set aside. The clerk is directed to forward copies of this order to the defendant, the office of the United States Attorney, the United States Probation Office, and the Regional Office of the Bureau of Prisons.