UNITED STATES of America,
Plaintiff/Respondent,

v.

Donald K. DAVIS, Defendant/Movant.

Nos. 92–40037–02–DES, 96–3042–DES.

United States District Court,
D. Kansas.

April 24, 1996.

Christopher Columbus Lewis, Terminal Island, CA, pro se and Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Christopher Columbus Lewis.

Jenine Jensen, Office of Federal Public Defender, Denver, CO, for Donald Kenard Davis.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for the U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on Donald K. Davis's ("Davis") motion—filed pursuant to 28 U.S.C. § 2255—to set aside and vacate two of his convictions. (Doc. 150). On December 4, 1992, a jury found Davis guilty of five drug-related counts: (1) possession of cocaine with intent to distribute; (2) possession of cocaine base ("crack") with intent to distribute; (3) conspiracy to distribute; (4) using a .25 caliber firearm in connection with possession of powder cocaine; and (5) using a .22 caliber firearm in connection with possession of crack cocaine.

In his motion, Davis argued that his convictions for using a firearm during drug trafficking should be vacated in light of the United States Supreme Court's ruling in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court clarified the meaning of "use" of a firearm under 18 U.S.C. § 924(c)(1).

## I. BACKGROUND

On July 20, 1992, Davis and co-defendant Christopher Columbus Lewis ("Lewis") were stopped for driving 73 miles per hour in a posted 65 miles per hour zone while heading east on I–70 in Ellsworth County, Kansas. Davis was the driver of the vehicle.

While speaking with Lewis, the trooper discerned the odor of alcohol emanating from inside the car. Lewis informed the officer that he had earlier drunk a beer and he then produced an open beer can from the back floorboard of the car. Upon arrival of a backup officer, the trooper searched the car for additional open containers. The trooper asked Davis and Lewis if there were any weapons in the car and Davis told the trooper that there was a gun in the glove box. Upon opening the glove box the trooper found a loaded .25 caliber pistol.

After issuing a written warning for speeding to Davis, the trooper asked Davis and received consent to search the trunk area of the car. Davis opened the trunk and the trooper found a brown paper sack underneath the carpeting of the right rear wheel well. Inside the sack was a tightly wrapped block which the trooper recognized as being typical of packaging for illegal drugs. Both Davis and Lewis were immediately placed under arrest. The trooper then cut the wrapped block open and a white powder substance—later tested positive as cocaine—was inside.

The car was towed to the sheriff's security garage and the next day an inventory search was conducted of the contents of the car. In the trunk of the car was some luggage and a black gym bag which contained a shoe box with ten baggies of crack cocaine inside. Also found in the trunk was a briefcase—belonging to Lewis—containing a loaded .22 caliber revolver.

## II. DISCUSSION

### A. *Bailey*: Use of a Weapon.

On December 6, 1995, the United States Supreme Court issued its decision in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which it clarified the meaning of use of a firearm under 18 U.S.C. § 924(c)(1). (This court recently addressed the *Bailey* "use of a gun" issue in *United States v. Fletcher*, 919 F.Supp. 384 (D.Kan.1996)).

Prior to *Bailey*, the Tenth Circuit held that to establish use of a gun in relation to a drug trafficking crime, the government must show (1) that the defendant had "ready access" to the firearm, and (2) that the firearm was an "integral part" of the criminal undertaking and increased the likelihood that the undertaking would succeed. *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir.1989).

The standard enunciated in *Bailey* narrows the definition of "use" of a firearm. Under *Bailey*, the government must prove "an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey*, — U.S. at —, 116 S.Ct. at 505. "Use" connotes "more than mere possession of a firearm by a person who commits a drug offense." *Id.* at —, 116 S.Ct. at 506. If the offender does not disclose or mention the gun, it is not used; placement for later active use does not in and of itself constitute "use." *Id.* at —, 116 S.Ct. at 509–10. Active employment includes "reference to a firearm calculated to bring about a change in the circumstances of the predicate offense," as well as brandishing or displaying a gun. *Id.* at —, 116 S.Ct. at 508. A defendant cannot be guilty, however, for merely storing a weapon near drugs or drug proceeds. *Id.*

In *Bailey*, drugs were discovered in the front console of the car and a gun was found in the car trunk. The Supreme Court held that Bailey's possession of the gun in the trunk of his car did not constitute "use" for purposes of a drug trafficking crime under 18 U.S.C. § 924(c)(1). *Id.* at —, 116 S.Ct. at 509.

In the instant case, Davis was convicted under 18 U.S.C. § 924(c)(1) due to the gun found in the trunk of the car in which he was the driver. Davis was sentenced to five years for that conviction. Davis also received a five year sentence due to the gun found in the glove compartment of the car.

**B. There was no active employment of the gun.**

 In its response, the government argues that a display of, or reference to, a firearm between co-defendants satisfies the use element of the statute as it is now defined under *Bailey*.[1] The government maintains that Davis and Lewis operated under a plan to traffic the drugs in their possession. Ergo, possession of firearms by Lewis and Davis, pursuant to a plan between them to distribute and protect illegal narcotics, constitutes active employment of a firearm. Davis knew of the firearm in the glove compartment because Lewis showed it to him prior to their departure from Los Angeles.

In *Bailey*, the Supreme Court never explicitly enunciated to whom a display of a gun must be directed so as to constitute active employment. It seems plausible, in certain circumstances, that when one co-defendant displays a gun to another co-defendant in the course of a drug transaction, that display might qualify as active employment. For instance, if two co-defendants on one side of a transaction are negotiating tete-a-tete with parties on the other side and one co-defendant displays a hidden gun to the other co-defendant so as to embolden his partner's willingness to enforce the transaction, that arguably could constitute active employment.

But that is not the situation in the instant case. The Supreme Court in *Bailey* was unequivocal in holding that placement of a gun for later active use does not in and of itself constitute use. In this case, one gun was in the trunk and another was placed in the glove compartment of defendant's rental car more than 2,000 miles from where the drug delivery was to occur (apparently Chicago). Davis and Lewis were stopped in Kansas, several hundred miles away from the delivery point. Davis did not have the opportunity to use the gun in a *Bailey* context. He cannot be guilty of use for merely storing the guns in the glove compartment or trunk; there must be evidence of active employment.

**IT IS THEREFORE BY THE COURT ORDERED** that Donald K. Davis's motion—filed pursuant to 28 U.S.C. § 2255—to set aside and vacate two of his convictions (Doc. 150) is granted. Davis's convictions on counts four and five under 18 U.S.C. 924(c)(1) are hereby vacated and set aside. The clerk is directed to forward copies of this order to the defendant, the office of the United States Attorney, the United States Probation Office, and the Regional Office of the Bureau of Prisons.

---

1. This argument is virtually identical to that posited by the government in *U.S. v. Lewis,* 922 F.Supp. 1519 (D.Kan.1996). The defendant in *Lewis* was the co-defendant of Davis in the instant case. In its order vacating Lewis's 924(c)(1) convictions, the court rejected the government's contention that conversations or other forms of communications must have taken place between Lewis and Davis. The court was unwilling to invent or otherwise attribute such communications to Lewis when there was no evidence in the record proving those communications transpired. Hence, the government failed to show that Lewis used the gun by making reference to it to Davis.