**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

DONALD KENARD DAVIS,

    Defendant-Appellee.

No. 97-3314
(D. Kan.)
(D.Ct. No. 96-3042-DES)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Donald Davis was found guilty of five drug-related counts, including

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

two counts under 18 U.S.C. § 924(c) for use of a firearm in a drug trafficking crime. He was sentenced to 240 months imprisonment, partly comprised of 120 months for the § 924(c) convictions. He subsequently filed a 28 U.S.C. § 2255 motion seeking to set aside his § 924(c) convictions in light of the United States Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137, 150 (1995) (clarifying the term "use" of a firearm for purposes of § 924(c)). The Government filed a response, claiming the § 924(c) convictions should stand in spite of *Bailey*. In its response, the Government did not expressly request the court to resentence Mr. Davis if it granted his § 2255 motion. The district court granted Mr. Davis' § 2255 motion, vacating his § 924(c) convictions. *United States v. Davis*, 924 F. Supp. 1082 (D. Kan. 1996). The district court's order, however, did not address the effect of its ruling on Mr. Davis' sentence. *Id.* at 1084. Six days later, the Government filed a motion to resentence Mr. Davis to reflect the firearms sentence enhancement under United States Sentencing Guidelines § 2D1.1(b)(1). The court denied the Government's motion, concluding it did not have jurisdiction to modify a previously imposed sentenced. The Government appeals, and we reverse.

The Government claims the district court retained jurisdiction to resentence

Mr. Davis after it vacated his firearms convictions. We review the district court's determination as to its jurisdiction to resentence *de novo*. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 118 S. Ct. 393 (1997). A district court may modify a defendant's sentence only when Congress has expressly granted the court jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996), *rev'd on other grounds*, 127 F.3d 947 (10th Cir. 1997).

The Government claims the district court retained jurisdiction under 28 U.S.C. § 2255 to resentence Mr. Davis. Section 2255 states, in part, if the court finds the defendant entitled to relief under the statute, then "the court shall vacate and set the judgment aside *and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate*." 28 U.S.C. § 2255 (emphasis added). We agree with the Government that the clear language of the statute confers jurisdiction on the district court to discharge the prisoner, grant a new trial, resentence or correct the sentence as appropriate, after vacating a judgment and conviction pursuant to § 2255. *See United States v. Walker*, 118 F.3d 559, 561 (7th Cir. 1997) (ruling a court has a reasonable amount of time to resentence following its vacation of a conviction). Indeed, continuing jurisdiction under § 2255 to discharge a prisoner, order a new trial, resentence or correct a

sentence is necessary since once a court determines § 2255 relief from a § 924(c) conviction is appropriate, it must then "set aside the judgment, which encompasse[s] both convictions and sentences." *Mendoza*, 118 F.3d at 709.

Further, we believe Mr. Davis had no legitimate expectation of finality since it is well established "a defendant who mounts a successful collateral attack on a single count of conviction faces the risk that the district court will look anew at the entire punishment and resentence on the remaining count[s]." *Walker*, 118 F.3d at 561 (citations omitted). It is appropriate for the district court to resentence a defendant on remaining convictions that are interdependent with the vacated convictions to carry out the intent of the United States Sentencing Guidelines. *Mendoza*, 118 F.3d at 709-10 (noting sentencing under the Guidelines constitutes a sentencing package which considers all counts together, therefore, when interrelated counts are vacated, resentencing is appropriate). Moreover, the Government requested resentencing only six days after the court's order vacating Mr. Davis' convictions. For these reasons, we conclude the district court erred in its conclusion it did not have jurisdiction to consider resentencing.

Accordingly, the decision of the district court is **REVERSED**. The case is

**REMANDED** to the district court for resentencing on the remaining counts.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge