**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD KENARD DAVIS,

Defendant - Appellant.

No. 98-3315

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. No. 92-CR-40037-2)**

---

Submitted on the briefs: *

Jeannine D. Herron, Topeka, Kansas, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, and T.G. Luedke, Assistant United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

**TACHA** , Circuit Judge.

---

*After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

———————————————————

On December 4, 1992, a jury found defendant Donald Kenard Davis guilty of five drug and firearm offenses. The district court sentenced Davis to 240 months imprisonment. On April 24, 1996, the district court vacated Davis' firearm convictions. The government subsequently moved to have defendant resentenced to reflect firearm enhancements under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1). The district court denied the motion on August 26, 1997, finding that it lacked jurisdiction. We reversed the district court on the issue of jurisdiction and remanded the case for resentencing. See United States v. Davis, 153 F.3d 728, 1998 WL 440462 (10th Cir. July 17, 1998) (unpublished). On remand, the district court denied defendant's request for a base offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and sentenced him to 210 months imprisonment. Defendant appeals the sentence imposed by the district court, arguing that the district court committed error by denying him the § 3E1.1 downward adjustment. We affirm.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Flores, 149 F.3d 1272, 1279 (10th Cir. 1998), cert. denied, 119 S. Ct. 849 (1999). We give due deference to the district court's application of the Guidelines to the facts. See United States v. Vaziri, 164 F.3d 556, 568 (10th Cir. 1999); United States v.

Smith, 131 F.3d 1392, 1399 (10th Cir. 1997), cert. denied, 118 S. Ct. 1109, 1321, 1543 (1998).

Davis concedes that he was not entitled to a reduction pursuant to U.S.S.G. § 3E1.1 when he was initially sentenced in February of 1993. However, he claims that by the time of his resentencing on remand in October of 1998, he qualified for an acceptance of responsibility reduction based on his post-sentencing conduct, namely, his rehabilitative efforts made during his incarceration. We need not address whether Davis qualified for the § 3E1.1 reduction at the time of his resentencing because we hold that a defendant may not utilize post-sentencing contrition to warrant an acceptance of responsibility reduction at resentencing on remand if he was ineligible for such a reduction at the time his initial sentence was imposed. See United States v. Warner, 43 F.3d 1335, 1340 (10th Cir. 1994) (noting that although resentencing on remand is de novo, "events arising after [the first sentencing] are not within resentencing reach"); see also U.S.S.G. § 3E1.1, commentary, application note 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). Because defendant concedes his ineligibility for a § 3E1.1 reduction at the time he was originally sentenced and his argument for the reduction on resentencing rests solely upon post-sentencing conduct, the district

court did not err by denying his request for a § 3E1.1 reduction. Accordingly, we AFFIRM the sentence imposed by the district court.