**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID OWENS, JR.,

Defendant - Appellant.

No. 00-6274
(D. Ct. No. 00-CR-24-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner-appellant David Owens, Jr., appeals his convictions for attempted carjacking, 18 U.S.C. § 2119, using and carrying a firearm during and in relation to the commission of a crime of violence, id. § 924(c)(1)(A), and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

illegal possession of a firearm by a convicted felon, id. § 922(g)(1). Owens challenges his conviction on three grounds: that there was insufficient evidence to sustain the carjacking conviction; that he was entitled to a three-level sentence reduction because the carjacking was not completed; and that the federal statute prohibiting a convicted felon from possessing a firearm exceeds Congress's authority under the Commerce Clause. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Facts

On January 9, 2000, at approximately 10 a.m., Everett and Mary Baxter were stopped at a stoplight at the intersection of S.W. 4th and Classen in Oklahoma City. As they prepared to make a right turn north onto Classen, they noticed a man standing on the northeast corner of the intersection preparing to cross Classen. Mr. Baxter ("Baxter") waved the man across the intersection so that Baxter would not turn into him. In response, the man waved at Baxter and told him to go on. The man then abruptly crossed in front of the Baxters' car, pulled a small gun from his pocket, and repeatedly commanded that Baxter "Get out!" When the man reached the driver's side, he pointed the gun at Baxter and attempted to open the locked door. Baxter sped away, and the Baxters reported the incident to police.

A police officer later spotted David Owens, Jr., walking down the street

and noted that he fit the description provided by the Baxters. A second police officer stopped his patrol car to speak with Owens, who ran behind a building. Police then apprehended Owens coming around the other side of the building. Police found a loaded revolver under a car 30 feet away from where they arrested Owens.

Owens later admitted possessing the gun, and he stipulated at trial that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Accordingly, a jury convicted Owens of illegally possessing a firearm. 18 U.S.C. § 922(g)(1). The jury also found Owens guilty of attempted carjacking, id. § 2119, and using and carrying a firearm during and in relation to the commission of a crime of violence, id. § 924(c)(1)(A).

Mr. Owens now challenges the sufficiency of the evidence supporting the attempted carjacking conviction, the district court's refusal to grant a three-level reduction in offense for an attempt, and the constitutionality of 18 U.S.C. § 922(g)(1). We address each of these issues in turn.

## II. Discussion

### A. Sufficiency of the evidence

We review a challenge to the sufficiency of the evidence de novo, while viewing any evidence and inferences in the light most favorable to the government. United States v. Wilson, 244 F.3d 1208, 1219 (10th Cir. 2001). Our

inquiry is limited to determining whether any rational trier of fact could have found the elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

> The federal carjacking statute provides, in pertinent part:
>
> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall (1) be fined under this title or imprisoned not more than 15 years, or both . . . .

18 U.S.C. § 2119. The evidence at trial shows that the motor vehicle has been shipped in interstate commerce. The pointing of a gun at Baxter's face certainly satisfies the element of force or intimidation. The evidence also sufficiently supports the remaining elements — intent to take the car and intent to cause death or serious bodily harm.

While it is true that Owens never explicitly announced his intent to take the Baxters' car, the law does not require such an affirmation to support intent. Rather, "[t]he natural, probable consequences of an act can satisfactorily evidence the state of mind accompanying it." United States v. Youts, 229 F.3d 1312, 1317 (10th Cir. 2000). Here, Owens's own brief states that "[a]t its best, the evidence showed Mr. Owen's [sic] pointed a firearm, yelled 'Get out!' and grabbed the door handle." We hold that even Owens's characterization of the events would provide a sufficient basis for a rational jury to infer that Owens possessed an

- 4 -

intent to take the Baxters' car. See United States v. Moore, 198 F.3d 793, 797 (10th Cir. 1999) (upholding an attempted carjacking conviction where the defendant pointed a gun at a driver but was shot before he had an opportunity to take control of the vehicle).

Ample evidence supports a jury finding that Owens intended to cause death or serious bodily injury. To prove intent to kill or injure, the government need only prove "that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." Holloway v. United States, 526 U.S. 1, 12 (1999); see also United States v. Malone, 222 F.3d 1286, 1291 (10th Cir. 2000) (evaluating the sufficiency of the evidence of intent in light of the totality of the circumstances). Here, the evidence showed that Owens pointed a loaded firearm at Baxter and told him to "get out of the car." This evidence demonstrates a willingness to seriously harm or kill the driver. We therefore find no error by the trial court.

### B. Three-Level Reduction Pursuant to the Sentencing Guideline Governing Attempts

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Davis, 182 F.3d 1201, 1202 (10th Cir. 1999).

The Sentencing Guidelines provide that if a defendant is found guilty of

attempt, the base offense level for the completed crime is adjusted down three levels. U.S.S.G. § 2X1.1(b)(1). This adjustment is not available, however, if "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." Id.

The district court refused to grant the three-level reduction in sentencing, finding that "the act evidently was not completed because of the victim's own actions in speeding away." We find no clear error in this factual analysis and agree with the district court's application of the Guidelines. Had Baxter complied with Owens's demand and surrendered the vehicle instead of suddenly speeding off, the carjacking almost certainly would have been completed. The completion of the offense was thus avoided only by an event beyond Owens's control.

### C. Commerce Clause

Finally, Owens contends that Congress lacked authority under the Commerce Clause to enact 18 U.S.C. § 922(g)(1) in light of the Supreme Court decisions Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995). Owens concedes, however, that this argument is foreclosed in this court by our contrary ruling in United States v. Dorris, 236 F.3d 582 (10th Cir. 2000). He raises the issue only to preserve further review. We decline to revisit our Dorris decision,

and affirm the district court's ruling on this issue.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge