UNITED STATES of America,
Plaintiff–Appellee,

v.

Marion BRYANT, Defendant–Appellant.

No. 92–4021.

United States Court of Appeals,
Tenth Circuit.

Sept. 21, 1993.

Robert L. Booker of Booker and Associates, Salt Lake City, UT, for defendant-appellant.

Bruce C. Lubeck, Asst. U.S. Atty. (David J. Jordan, U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before MOORE, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Marion Bryant appeals his conviction for distribution of a controlled substance, 21 U.S.C. §§ 841(a), 845, claiming (1) the district court erred in concluding that there was insufficient evidence of selective prosecution based on race, and (2) the district court violated his Sixth Amendment rights by refusing to allow defense counsel to cross examine the government's chief witness regarding racial bias.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In July 1991, Defendant was arrested for distributing drugs on a number of occasions to undercover police officer Edward Lucas and to a confidential informant. Over one hundred other individuals were arrested at the same time, also for selling drugs to Lucas and to Lucas' informants. Defendant's case and the cases of nine others were assigned to federal court, while the remaining individuals were prosecuted by Salt Lake county. Defendant was charged with five counts of controlled substance distribution, one of which was dropped prior to trial.

The district court appointed counsel for Defendant on July 11, 1991. In September 1991, Defendant discharged and replaced his initial counsel. Then, because Defendant had no more confidence in his new counsel than he had in his first counsel, Defendant's relatives approached a third attorney in November 1991 and asked him to serve as co-counsel in Defendant's case. Shortly before trial, Defendant discharged his second counsel and requested that the third attorney, who was hired by his relatives and who had been serving as co-counsel, represent him at trial. The court approved Defendant's request two days prior to trial but warned Defendant that his request could not be used as an excuse to delay trial. At no time prior to trial did any of these attorneys file a motion to dismiss based on selective prosecution.

At trial, Defendant's counsel asked officer Lucas on cross-examination, "how is it that

[Defendant] got to be charged in [f]ederal [c]ourt? Do you have any idea?" The government objected to the question as irrelevant, and the objection was sustained by the court. Later, at a bench conference outside the presence of the jury, defense counsel informed the court and the government that he intended to pursue a selective prosecution defense, to which the court responded that selective prosecution issues were not jury issues but were instead issues for the court. The court further informed defense counsel, "if you have any evidence about racial selective prosecution, you get it to me, and if discovery is needed why I would allow that, but it's not an issue for the jury."

On January 24, 1992, the jury convicted Defendant on all four counts, and on April 14, 1992, Defendant filed a motion requesting the court to stay imposition of his sentence and also requesting an evidentiary hearing on the selective prosecution issue. On April 30, 1992, the district court denied the stay and evidentiary hearing because Defendant had failed to make a proper showing of racial bias. In denying the motion, the district court stated:

> .... [T]here is nothing presently before this court other than the bald assertions of the defendant as conveyed through his counsel in his pleadings in support of this motion that substantiate that there has been a selective prosecution based on race. As to such a claim, before any evidentiary hearing is required, the defendant must make out a prima facie case of selective prosecution. (citations omitted) There is a presumption that the prosecution is undertaken in good faith and a defendant has a heavy burden in showing that the requirements of selective prosecution have been established. Mere speculation that prosecutions are based on racial bias is not sufficient to overcome the presumption of good faith prosecution. (citation omitted).

*United States v. Bryant,* No. 91–CR–27W (D.Utah April 30, 1992) (order denying request for evidentiary hearing).

---

1. Defendant also asserts (1) that the district court erred in refusing defense counsel's request for an evidentiary hearing on Defendant's selective prosecution claim and (2) that we erred in denying defendant's motion to supplement the record

on appeal with evidence of selective prosecution. Because we find that Defendant has waived his selective prosecution claim, we do not address these issues.

Defendant first alleges that the district court erred in concluding that there was insufficient evidence of selective prosecution. Defendant claimed that his case was referred for prosecution in federal court because he is black. We do not reach the merits of this argument because we conclude that Defendant has waived his selective prosecution claim.

Fed.R.Crim.P. 12(b)(1) requires a defendant to raise "objections based on defects in the institution of the prosecution" prior to trial. A selective prosecution claim clearly qualifies as such an objection. *United States v. Mann*, 884 F.2d 532, 539 (10th Cir.1989) (selective prosecution claim clearly implicates institution of prosecution and must be raised prior to trial). Fed.R.Crim.P. 12(f) presumes that these objections are waived if they are not raised prior to trial; however, the rule also provides that "the court for cause shown may grant relief from the waiver." The fact that the district court did not reject Defendant's argument as waived, but instead addressed whether Defendant had adequately presented a selective prosecution claim, does not preclude us from finding waiver due to untimeliness and failure to show cause. *See United States v. Baker*, 638 F.2d 198, 202 n. 5 (10th Cir.1980) (district court addressing merits of argument does not excuse untimeliness and failure to show cause under Rule 12(b)). *Accord United States v. Ulloa*, 882 F.2d 41, 43 (2d Cir.1989); *United States v. Milan–Rodriguez*, 828 F.2d 679, 683 (11th Cir.1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2820, 100 L.Ed.2d 921 (1988); *Worthington v. United States*, 726 F.2d 1089, 1092 (6th Cir.), *cert. denied*, 469 U.S. 827, 105 S.Ct. 109, 83 L.Ed.2d 53 (1984); *United States v. Sisca*, 503 F.2d 1337, 1349 (2d Cir.), *cert. denied*, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974).

The record before us clearly indicates that Defendant has failed to show cause for his failure to make a timely motion. The fact that trial counsel, who had been serving as co-counsel in Defendant's case, was not officially appointed by the court until two days before trial was not sufficient cause. Defendant has made no allegations that prior defense counsel was prevented from filing the motion or that trial counsel, during the time he served as co-counsel, was prevented from filing, or urging Defendant's second counsel to file the motion. Because Defendant has failed to show cause for failing to raise his selective prosecution claim prior to trial, the claim is waived.

Defendant next argues that the district court violated his Sixth Amendment rights by refusing to allow defense counsel to cross-examine Officer Lucas regarding racial bias. While we agree with Defendant's assertion that the ability to impeach a witness based on bias is guaranteed by the Sixth Amendment right to confrontation, *see Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), we do not agree with Defendant's assertion that he was curtailed from cross-examining Officer Lucas regarding bias. Defense counsel was only prohibited from inquiring into the basis for the federal rather than state prosecution, a prohibition which was proper. *See* Fed.R.Crim.P. 12(b)(1); *see also United States v. Washington*, 705 F.2d 489, 495 (D.C.Cir.1983) ("issue of selective prosecution is one to be determined by the court"). Defense counsel was not prohibited from generally questioning Officer Lucas concerning whether the officer possessed any racial biases. Therefore, the district court did not violate Defendant's Sixth Amendment right to question a government witness regarding bias.

AFFIRMED.