UNITED STATES COURT OF APPEALS
**Filed 6/28/96**TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERNEST L. MOORE,

      Defendant-Appellant..

Case No. 95-3198

(D.C. 95-2001-01 )
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before BALDOCK, EBEL and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-Appellant Ernest L. Moore appeals the seventy-eight month term of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment entered against him by the United States District Court for the District of Kansas on June 12, 1995. He argues first that the district court erred in denying his second request for discovery to secure documents from the United States government in support of his claim that the cocaine base sentencing scheme under 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 is unconstitutional as applied. Second, he maintains that the district court erred in refusing to depart downward pursuant to U.S.S.G. § 5K2.0 from the applicable sentencing guidelines range. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we AFFIRM.

## I. BACKGROUND

On January 26, 1995, Mr. Moore was charged in a two-count indictment with distributing cocaine base. He pleaded guilty on March 8, 1995 to Count Two of the indictment, which charged him with the unlawful distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Mr. Moore reserved his right to argue that the crack cocaine sentencing scheme found in 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 is unconstitutional. See Rec. vol. I, doc. 19, at 4. On March 8, 1995, after Mr. Moore had entered his guilty plea, but before he was sentenced, he filed a motion to declare the cocaine base sentencing provisions of 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D unconstitutional because they "were enacted for the purpose of discriminating against African Americans." See Rec. vol. I, doc. 18, at 1-2. He then filed a request for

2

discovery to secure documents from the United States government in support of his argument that the cocaine base sentencing provisions are unconstitutional.[2]  However, in this discovery motion, he recast his March 8th motion as moving the court "to declare the sentencing provisions of 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. [§] 2D regarding cocaine base unconstitutional <u>as applied to [him]</u> upon the theory that the government's plea offer in this case was motivated in part by racial considerations."  Rec. vol. II, doc. 23, at 1 (emphasis added).  At a hearing held on May 15, 1995, the district court denied Mr. Moore's two motions.

On June 6, 1995, Mr. Moore filed objections to the presentence investigation report.  In these objections, Mr. Moore requested the district court to depart downward from the applicable sentencing guidelines range of seventy-eight to ninety-seven months and to impose the mandatory minimum sentence of sixty months prescribed by 21 U.S.C. § 841(b)(1)(B), based on the Sentencing Commission's proposed amendments to the cocaine base guidelines.  On June 12, 1995, the district court denied Mr. Moore's request for a downward departure and sentenced Mr. Moore to seventy-eight months in prison. This appeal followed.

## II. DISCUSSION

### A. Denial of Discovery Request

---

[2]Although Mr. Moore entitled this discovery request as "Defendant's Second Motion for Discovery," rec. vol. II, doc. 23, at 1, the record does not evidence Mr. Moore having made a prior discovery request.

Mr. Moore claims that the district court erred in denying his motion for discovery because the statistics stated in the affidavit attached to this discovery motion "provided a colorable basis for [his] belief that the plea offer in his case was motivated by improper racial considerations." Aplt's Br. at 9. We review the district court's denial of a discovery request for an abuse of discretion. United States v. Gonzalez-Acosta, 989 F.2d 384, 388 (10th Cir. 1993).

The statistics that Mr. Moore attached to his discovery motion demonstrated that in the District of Kansas, approximately 98% of cocaine base prosecutions are brought against African Americans while approximately 19% of cocaine powder prosecutions are brought against African Americans. See Rec. vol. II, doc. 25, Ex. 2. On appeal, Mr. Moore asserts that these statistics show that the cocaine base sentencing provisions "are being enforced in an invidious manner by the Executive Branch," Aplt's Br. at 10, in the District of Kansas in violation of "the equal protection component of the 5th Amendment," id. at 8.

Mr. Moore's argument on appeal in support of his discovery motion may be construed in two different ways. First, it may be viewed as a claim that the decision to prosecute him under the cocaine base sentencing scheme found in 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 was made based on the fact that he is an African American. See Rec. vol. II, doc. 23, at 1 (Mr. Moore's second discovery motion, claiming that "the government's plea offer . . . was motivated in part by racial considerations"). Second, it

4

may be interpreted as a claim that many or all prosecutorial decisions made in the District of Kansas regarding the enforcement of the cocaine base sentencing scheme found in 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 are made based on racial considerations, resulting in more cocaine base prosecutions against African Americans than against any other racial group. See Aplt's Br. at 8-9. Both constructions are selective prosecution claims. See Wayte v. United States, 470 U.S. 598, 608 (1985) (defining a selective prosecution claim); United States v. Furman, 31 F.3d 1034, 1037 (10th Cir.) (stating the elements of a selective prosecution claim), cert. denied, 115 S. Ct. 651 (1994). However, Mr. Moore is foreclosed from bringing a selective prosecution claim on appeal because he waived this claim by failing to raise it before entering his guilty plea.

As we recognized in United States v. Bryant, 5 F.3d 474 (10th Cir. 1993), "Fed.R.Crim.P. 12(b)(1) requires a defendant to raise 'objections based on defects in the institution of the prosecution' prior to trial. A selective prosecution claim clearly qualifies as such an objection. Fed.R.Crim.P. 12(f) presumes that these objections are waived if they are not raised prior to trial[.]" Id. at 476 (emphasis added & citations omitted). Under this rule, Mr. Moore waived his selective prosecution claim because he did not raise it until after he had entered his guilty plea, the procedural equivalent of proceeding to trial for purposes of applying Bryant.

Mr. Moore contends that his selective prosecution claim is not waived for two reasons. First, despite the rule in Bryant, he claims that the district court here impliedly

5

granted relief from waiver under Rule 12(f) "by not even discussing waiver and deciding the discovery issue . . . on the merits." See Aplt's Br. at 10. Although Rule 12(f) does allow "the court for cause shown [to] grant relief from the waiver," Fed. R. Crim. P. 12(f) (emphasis added), the district court's consideration of the motion on the merits does not constitute an implied grant of relief from the waiver. See Bryant, 5 F.3d at 476. Further, Mr. Moore has not shown cause for this court to grant relief from his waiver, as Rule 12(f) requires. In Bryant, the Tenth Circuit held that "[t]he fact that the district court did not reject [the d]efendant's argument as waived, but instead addressed whether [the d]efendant had adequately presented a selective prosecution claim, [did] not preclude [the appellate court] from finding waiver due to untimeliness and failure to show cause." Id.

Mr. Moore next argues that he preserved his claim for appeal by stating in his plea agreement that he "may argue that the crack cocaine sentencing provisions are unconstitutional." Aplee's Br., Ex. A at 3. However, the constitutionality of the guidelines is an issue different from Mr. Moore's real claim here, which is, as discussed above, a selective prosecution claim. Although a selective prosecution claim is analyzed using "ordinary equal protection standards," see Wayte, 470 U.S. at 608, requiring both that a policy or decision have a discriminatory effect and that it be motivated by a discriminatory purpose, such a claim challenges as unconstitutional the institution of prosecution against an individual, not the guidelines themselves. Compare id. (defining a selective prosecution claim) and Furman, 31 F.3d at 1037 (stating the elements of a

6

selective prosecution claim) with United States v. Thurmond, 7 F.3d 947, 951-52 (10th Cir. 1993) (holding that the defendant's statistical evidence was "insufficient to establish that 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 are unconstitutional under the Equal Protection Clause"), cert. denied, 114 S. Ct. 1311 (1994) and United States v. Easter, 981 F.2d 1549, 1559 (10th Cir. 1992) (holding that the defendant "presented no evidence that either Congress or the Sentencing Commission adopted the more severe cocaine base penalties to further a racially discriminatory purpose"), cert. denied, 508 U.S. 953 (1993). If a defendant succeeds on a selective prosecution claim, the prosecution is dismissed, but the law under which he was prosecuted is not declared unconstitutional. See Yick Wo v. Hopkins, 118 U.S. 356, 374 (1886) (holding that the discriminatory administration of a facially neutral ordinance violated the Equal Protection Clause of the Fourteenth Amendment, meaning the imprisonment of the petitioner-Chinese alien under the ordinance was illegal, but not that the ordinance itself was unconstitutional).

Thus Mr. Moore has an insurmountable dilemma. He waived his selective prosecution claim under either construction of such claim.[3] Because either construction of Mr. Moore's argument in support of his discovery motion fails, we hold that the district court did not abuse its discretion in denying such motion.

---

[3]As discussed, we construe Mr. Moore's claim on appeal as one that the crack cocaine sentencing provisions are being unconstitutionally applied. If instead he were arguing that these sentencing provisions are unconstitutional on their face, which he is not, such argument would fail under Thurmond and Easter.

7

## B. Downward Departure

Mr. Moore's second claim on appeal is that the district court erred in refusing to depart downward in determining his sentence pursuant to U.S.S.G. § 5K2.0. In the objections that Mr. Moore filed to the presentence investigation report, he requested the district court to depart downward pursuant to U.S.S.G. § 5K2.0 from the applicable guideline range of seventy-eight to ninety-seven months and to impose the mandatory minimum sentence of sixty months prescribed by 21 U.S.C. § 841(b)(1)(B), based on the Sentencing Commission's proposed amendments to the cocaine base guidelines. At the time of this request, the Sentencing Commission had proposed an amendment to U.S.S.G. § 2D1.1 providing that cocaine powder and cocaine base are the same substance. See Rec. vol. II, doc. 34, Attach., Amend. 5. This amendment had not been adopted at the time of sentencing, and it has since been rejected by Congress. See Pub. L. No. 104-38, 109 Stat. 334 (October 30, 1995).

In rejecting Mr. Moore's request for a downward departure based on the proposed guidelines amendment, the district court stated that it "ha[d] really no alternative other than to impose the law as it now stands." Rec. vol. IV, doc. 45, at 7. It found that "[t]here [was] certainly no other basis for a downward departure in this case," id., and rejected Mr. Moore's request. This court can review the district court's decision not to depart downward only if "the judge's language unambiguously states that the judge does not believe he has authority to downward depart." United States v. Rodriguez, 30 F.3d

8

1318, 1319 (10th Cir. 1994). Here, the district court did not make such a statement, so we cannot review its decision. See id.

We therefore AFFIRM the district court's denial of Mr. Moore's discovery request and DISMISS Mr. Moore's appeal of the district court's refusal to depart downward in determining his sentence.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge
