**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER COLUMBUS
LEWIS,

Defendant-Appellant.

No. 96-3136
(D.C. No. 96-3012-DES)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Defendant Christopher Columbus Lewis, proceeding pro se, appeals the district court's order dismissing his petition filed under 28 U.S.C. § 2255. Petitioner alleges that his 1992 convictions for possession of and conspiracy to distribute cocaine and crack cocaine are constitutionally infirm because (1) there was no probable cause for his arrest, (2) the evidence was insufficient to establish that the substance was crack cocaine, (3) the rule of lenity requires a lower sentence due to an ambiguity in the sentencing guidelines, (4) the sentencing guidelines do not authorize the length of supervised release imposed, and (5) he was the target of a selective prosecution. On April 1, 1996, the district court vacated two related convictions pursuant to Bailey v. United States, 116 S. Ct. 501 (1995).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), requiring a § 2255 motion to be filed within one year after conviction and mandating that the movant obtain a certificate of appealability, see 28 U.S.C. §§ 2253(c), 2255, do not apply in this case because the notice of appeal was filed on April 8, 1996, before the Act's effective date. See United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996).

Defendant did not raise his probable cause and sufficiency of the evidence arguments in his direct criminal appeal. See United States v. Lewis, 24 F.3d 79

(10th Cir.), <u>cert. denied</u>, 513 U.S. 905 (1994).  We do not address those arguments because he has failed to demonstrate either cause and prejudice for his procedural default or a miscarriage of justice resulting from our failure to consider them. <u>See</u> <u>United States v. Cook</u>, 45 F.3d 388, 392 (10th Cir. 1995).  He failed to present his sentencing claims to the district court, and we therefore decline to address them.  <u>See</u> <u>United States v. Fisher</u>, 38 F.3d 1144, 1146 n.1 (10th Cir. 1994).  Similarly, we do not consider the merits of his selective prosecution claim because he failed to raise it before trial, <u>see</u> Fed. R. Crim. P. 12(b)(1), and he has not demonstrated cause for failing to do so, <u>see</u> <u>United States v. Bryant</u>, 5 F.3d 474, 476 (10th Cir. 1993).  Even if we were to reach the merits of his claims, we would conclude that defendant is not entitled to relief.

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


James K. Logan
Circuit Judge