**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY L. GIBBS,

　　　　Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

　　　　Defendant-Appellee.

No. 07-6186
(D.C. No. 05-CV-1189-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

　　　　Terry L. Gibbs appeals pro se from the district court's denial of relief under

Federal Rule of Civil Procedure 60(b). We affirm, although for reasons different

from those articulated by the district court.

_____

[*]　　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Mr. Gibbs applied for disability insurance and supplemental security income (SSI) benefits, alleging that he became disabled on December 8, 1999. After reviewing his application, the Commissioner agreed that Mr. Gibbs was disabled, but concluded that he was only entitled to benefits as of December 30, 2004. Dissatisfied with this result, Mr. Gibbs filed a complaint in the district court seeking review of the Commissioner's decision. Shortly thereafter, he amended his complaint to challenge the agency's denial of his Plan for Achieving Self-Support (PASS), a program that prevents the Commissioner from off-setting a claimant's SSI benefits by income used to purchase items necessary for self-support, see 20 C.F.R. §§ 416.1180 and 416.1181. When the Commissioner failed to timely respond, Mr. Gibbs moved for judgment on the pleadings and default judgment.

The Commissioner eventually did respond, however, notifying the court that an audio tape of Mr. Gibbs' hearing before an Administrative Law Judge (ALJ) had been lost and therefore asking that the case be remanded to the agency for a de novo hearing. The Commissioner also moved to dismiss Mr. Gibbs' PASS claim because he never sought review before the Appeals Council on that particular claim and thus failed to exhaust his administrative remedies. The Commissioner agreed, however, to treat Mr. Gibbs' amended complaint as a

request for the Appeals Council to review his PASS claim. Mr. Gibbs, in turn, moved to strike the Commissioner's untimely response.

Before the district court ruled on the parties' motions, the Appeals Council rendered its final agency decision declining to review Mr. Gibbs' PASS claim. Accordingly, Mr. Gibbs supplemented the record with the Appeals Council's decision. Aplee. App. at 164, 166-69. The magistrate judge to whom the case had been referred apparently overlooked this docket entry, however, because he recommended that Mr. Gibbs' PASS claim be dismissed for failure to exhaust his administrative remedies. After denying his motion to strike, the magistrate judge also recommended that his motion for judgment on the pleadings and default judgment be denied, and that the case be remanded to the agency for a de novo hearing before an ALJ.

Mr. Gibbs objected to the magistrate judge's recommendations, but his protests went unheard. On June 16, 2006, the district court judge declined to set aside the magistrate judge's order denying Mr. Gibbs' motion to strike. Then on July 6, 2006, the district court judge issued two separate orders: in the first, the court denied Mr. Gibbs' motion for judgment on the pleadings and default judgment; in the second, the court remanded the case to the agency for a de novo hearing and dismissed without prejudice Mr. Gibbs' PASS claim for failing to exhaust his administrative remedies.

Mr. Gibbs appealed, but we dismissed for lack of jurisdiction. Gibbs v. Barnhart, No. 06-6240 (10th Cir. Jan. 8, 2007). Hence, on June 13, 2007, Mr. Gibbs filed in the district court a Rule 60(b) motion, asking the court to set aside its June 16 and July 6, 2006 orders. The district court denied his motion, however, reasoning that there existed no basis to grant relief. Mr. Gibbs now appeals from the denial of his Rule 60(b) motion.

**II**

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion, keeping in mind that Rule 60(b) is extraordinary relief that may be granted only in exceptional circumstances. Beugler v. Burlington N. & Sante Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007). We will reverse the district court's denial of relief only if we find "a complete absence of a reasonable basis" and are "certain that the decision is wrong." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks and ellipses omitted). We are also mindful that although Mr. Gibbs is a pro se appellant entitled to a liberal reading of his pleadings, we may not assume the role of his advocate. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Gibbs argues on appeal that his Rule 60(b) motion should have been granted because "the motion simply presented the district court with the evidence the U.S. magistrate judge mistakenly lead the court to believe did not exist." Aplt. Br. at 3. The evidence to which Mr. Gibbs refers is the agency's final

-4-

decision denying review of his PASS claim, which as we have said was included in the record when the district court dismissed the claim for failure to exhaust. Mr. Gibbs' argument is that the district court should have granted his Rule 60(b) motion because dismissal of his PASS claim for failure to exhaust was a mistake. He also contends that he was prejudiced when the court remanded his case to the agency for a de novo hearing before an ALJ.

The problem with Mr. Gibbs' position, however, is that his Rule 60(b) motion was untimely. As is relevant here, Rule 60(b) provides relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). But in situations such as this, where a litigant asserts a substantive judicial error, "we have construed the requirement in Rule 60(b)(1) that the motion shall be filed within a reasonable time . . . to be contemporaneous with the time constraints for taking a direct appeal." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) (internal quotation marks omitted). The rationale is that Rule 60(b) is not a substitute for an appeal. Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358-59 (10th Cir. 1985). Thus, when an litigant wishes to simultaneously pursue both an appeal and a Rule 60(b)

motion, he should do so within the time frame for filing a direct appeal.  See

Cashner, 98 F.3d at 579 n.4.

Mr. Gibbs timely appealed the district court's July 6, 2006 orders, but he

waited until June 13, 2007, before filing his Rule 60(b) motion.  Because he filed

his motion well beyond the sixty-day period for filing an appeal, see Fed. R. App.

P. 4(a)(1)(B), Mr. Gibbs' motion was untimely.  It is of no consequence to our

disposition that the district court ruled on the motion, because the court's ruling

does not preclude us from finding waiver due to untimeliness.  Cf. United States

v. Bryant, 5 F.3d 474, 476 (10th Cir. 1993) (finding waiver under Fed. R. Crim.

P. 12 despite district court's ruling on the merits).  Moreover, "[w]e are free to

affirm a district court decision on any grounds for which there is a record

sufficient to permit conclusions of law, even grounds not relied upon by the

district court."  United States v. Lott, 310 F.3d 1231, 1242 n.7 (10th Cir. 2002)

(internal quotation marks omitted).

Accordingly, the district court's denial of relief is AFFIRMED.  Mr. Gibbs'

motion to proceed on appeal in forma pauperis is GRANTED.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-6-