Morraz Diaz v. Garland

BIA
Conroy, IJ
A216 207 299

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of June, two thousand twenty-three.

PRESENT:
  JOSÉ A. CABRANES,
  SUSAN L. CARNEY,
  RICHARD J. SULLIVAN,
   *Circuit Judges.*

_____

RUBEN ALFONSO MORRAZ DIAZ,
  *Petitioner,*

  v.           20-4105
               NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:    Bruno Joseph Bembi,
           Hempstead, NY.

FOR RESPONDENT:    Brian Boynton, Acting Assistant
           Attorney General; Holly M. Smith,

Assistant Director; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Ruben Alfonso Morraz Diaz, a native and citizen of Nicaragua, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his motion to rescind his removal order and reopen his removal proceedings. *In re Ruben Alfonso Morraz Diaz,* No. A 216 207 299 (B.I.A. Nov. 16, 2020), *aff'g* No. A 216 207 299 (Immig. Ct. N.Y.C. Feb. 24, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to rescind a removal order entered in absentia for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). An abuse of discretion "may be found if the decision provides no rational explanation, inexplicably departs from

established policies, is devoid of any reasoning, or contains only summary or conclusory statements," *id.* (internal quotation marks omitted), or if the agency "has misunderstood or misapplied the governing law," *Abu Hasirah v. DHS*, 478 F.3d 474, 477 (2d Cir. 2007). We review de novo the agency's "underlying conclusions of law." *Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir. 1999).

Here, we find an abuse of discretion. A noncitizen may be ordered removed in absentia if, "after written notice . . . has been provided to the alien or the alien's counsel of record, [he] does not attend a proceeding." 8 U.S.C. § 1229a(b)(5)(A). The agency may rescind an in absentia removal order "if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Id.* § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). However, "a brief, innocent lateness does not constitute a failure to appear" and thus does not require demonstration of exceptional circumstances, and the agency abuses its discretion when it issues an in absentia order based on such tardiness. *Abu Hasirah*, 478 F.3d at 477–78.

Morraz Diaz was 35 minutes late to his 8:30 a.m. hearing

3

due to transit delays on New York City's subway system. His attorney was present, he had attended previous hearings, and he had pending applications for relief from removal. He submitted a detailed affidavit describing when he arrived at the train station and the trains he took. Given the absence of any evidence of intentional or lengthy delay, the agency erred in concluding that he had failed to appear. *See id.* We have jurisdiction to consider Morraz Diaz's argument on this point because issue exhaustion is not jurisdictional. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 121–22 (2d Cir. 2007); *see also generally Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1111–16 (2023). Moreover, his specific legal argument is not barred by court-mandated principles of issue exhaustion given its relation to the arguments he raised below. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) ("[W]e have never held that a petitioner is limited to the exact contours of his argument below.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court